IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLORADO

Civil Action No. 09-cv-162-REB-KLM

E.T. MEIJER and MARCEL WINDT,
In their Capacity as Trustees in Bankruptcy
For KPNQwest N.W., *et al.*,

      Plaintiffs,

  v.

QWEST COMMUNICATIONS
INTERNATIONAL INC., JOHN A.
McMASTER, JOSEPH P. NACCHIO,
ROBERT S. WOODRUFF,

      Defendants.

## SUPPLEMENTAL DECLARATION OF JONATHAN H. SHERMAN

I, Jonathan H. Sherman, declare under penalty of perjury the following:

1.    I am a partner in the Washington, D.C. office of the law firm of Boies, Schiller & Flexner LLP, counsel to defendant Qwest Communications International Inc. ("Qwest") in this action. I submit this supplemental declaration in support of Defendants' Motion to Dismiss the Complaint.

2.    In previous litigation in the District of New Jersey involving the same parties to this action, Qwest moved to dismiss Plaintiffs' substantively identical Complaint on *forum non conveniens* grounds. In support of that motion, I submitted a declaration, dated February 21, 2006, identifying: (1) potentially responsible non-parties against which Qwest may file contribution claims; (2) the location of documents and

1

witnesses; and (3) other proceedings related to the bankruptcy of KPNQwest N.V., both in the United States and in the Netherlands. *See Windt v. Qwest Communications Int'l, Inc.*, 544 F. Supp. 2d 409, 425 (D.N.J. 2008) (reissued opinion) (citing the Declaration of Jonathan Sherman). A copy of my declaration submitted to the District of New Jersey, and Exhibits A-H that were appended thereto, is attached to this Supplemental Declaration as Exhibit 1.

3. The District of New Jersey also relied upon a September 13, 2006, letter from attorney Thomas R. Curtin, which attached an English translation of a complaint filed in the Netherlands by KPNQwest's lenders and their assignees against three of the four defendants in this action and thirteen others. *See Windt v. Qwest Communications Int'l, Inc.*, 544 F. Supp. 2d at 415, n. 7 (citing Mr. Curtin's letter). A true and correct copy of Mr. Curtin's letter is attached as Exhibit 2.

4. All the statements contained in my February 21, 2006 declaration are true and accurate to the best of my knowledge and belief. I submit this declaration to update the status of certain facts described in my February 21, 2006 declaration.

5. **Potentially Responsible Non-Parties.** In paragraph 2 of my February 21, 2006 declaration, I stated that while Qwest denies that it committed any wrongful act or omission that caused the bankruptcy of KPNQwest, if Plaintiffs are able to establish that they were damaged by any act or omission of any person, fault should be allocated appropriately. Accordingly, I identified eighteen potentially responsible non-parties from which Qwest may seek contribution, if necessary. That list is true and accurate and contains a number of foreign entities that can be expected to resist this Court's jurisdiction, and as a result, Qwest would risk having to pursue contribution claims against those entities in Dutch courts.

      6.    **Related Litigation.** As counsel to Qwest in connection with KPNQwest matters, I am familiar with litigation or arbitration involving KPNQwest that is or was recently pending in the United States and in the Netherlands.

    a.    In paragraph 4 of my February 21, 2006 declaration, I described several actions relating to KPNQwest that were proceeding in the Netherlands. The current status of those actions is described in detail in the Supplemental Declaration of Maarten Das in support of Defendants' Motion to Dismiss the Complaint. I am not aware of any way to have any of the ongoing Dutch proceedings transferred to U.S.-based courts or somehow consolidated with this action.

    b.    In paragraph 5 of my February 21, 2006 declaration, I stated that *Paula Taft v. Willem Ackermans*, et al., Case No. 02-CV-7951 (S.D.N.Y., filed Oct. 2, 2002), was a KPNQwest-related securities class action pending in the United States District Court for the Southern District of New York. Qwest and some of the individual defendants in that case settled with the class in February 2006, and the remaining defendants, including KPN, settled with the class in June 2006. On January 31, 2007, the district court issued an opinion and order approving the settlements and entered judgment settling the case. *See Taft v. Ackermans*, No. 02-CV-7951, 2007 WL 414493 (S.D.N.Y., Jan. 31, 2007). That decision was not appealed and is now final.

    c.    In paragraph 6 of my February 21, 2006 declaration, I stated that *Richard Grand v. Joseph Nacchio*, et al., Case No. C20025348 (Sup. Ct., Pima Co., filed Oct. 31, 2002), was a KPNQwest-related case pending in the Superior Court of Arizona. In September 2008, the Court dismissed most

      of Plaintiffs' claims, and on December 31, 2008, the Court dismissed the remaining claims and entered judgment in favor of Defendants. An appeal is pending in the Arizona Court of Appeals, Division Two.

d.    In paragraph 7 of my February 21, 2006 declaration, I stated that *Appaloosa Investment LP v. Qwest Communications Int'l Inc.*, et al., Case No. 05-CV-5674 (S.D.N.Y., filed June 17, 2005), was a KPNQwest-related case pending in the United States District Court for the Southern District of New York. The parties settled that action and it was dismissed with prejudice on July 30, 2008.

e.    In connection with the defense of the claims brought in the Netherlands by Cargill Financial Markets Plc. and Citibank N.A., which are described in paragraphs 7-9 of the Supplemental Declaration of Maarten Das, Qwest sought to issue subpoenas against certain United States entities pursuant to 28 U.S.C. § 1782. Only one entity, Citigroup, filed a motion to quash the subpoena. The United States District Court for the Southern District of New York granted Citigroup's motion to quash, and that decision is on appeal before Court of Appeals for the Second Circuit.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: April  30 , 2009.                        *s/ Jonathan H. Sherman*
                                                                      Jonathan H. Sherman