IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLORADO

Civil Action No. 09-cv-162-DME-KLM

E.T. MEIJER and MARCEL WINDT, In
their Capacity as Trustees in Bankruptcy
for KPNQwest N.V., et al.,

       *Plaintiffs*,

  v.

QWEST COMMUNICATIONS
INTERNATIONAL INC., JOHN A.
McMASTER, JOSEPH P. NACCHIO,
ROBERT S. WOODRUFF,

       *Defendants*.

**SUPPLEMENTAL DECLARATION OF MAARTEN DAS**

I, Maarten Das, declare:

    1.    Attached as Exhibit 1 is the declaration dated 21 February 2006 that I submitted in *Apeldoorn v. Qwest Communications International Inc.*, Civil Action No. 04-CV-3026 (D.N.J.) ("Original Declaration").

    2.    That declaration remains correct and accurate, except that I would like to update the information as described below.

1

*My Title*

3.      My Original Declaration stated in Paragraph 3 that I was the head of the Litigation Department of the Corporate Practice Group at Loyens & Loeff N.V.  My role in that position concluded at the end of last year.

*Inquiry proceedings before the Enterprise Chamber of the Court of Appeals of Amsterdam*

4.      In Paragraphs 9-12 of the Original Declaration, I mentioned proceedings before the Enterprise Chamber (EC).

5.      On 28 December 2006, the EC ordered an investigation into the policy and the course of affairs of KPNQwest with respect to certain topics concerning the period 1 January 2002 until 23 May 2002.  On 5 December 2008, the EC appointed Mr. M. Arentsen, Mr. W.G. van Hassel and Mr. A.L. Leuftink as investigators.  Those three individuals have begun their investigation, and it is currently unclear when they will complete it. Qwest B.V. has appealed various issues related to the investigation, and those appeals are currently pending.

*Preliminary Witness Examinations before the Court of The Hague*

6.      In paragraph 10 of my declaration, I mentioned that De Vereniging van Effectenbezitters were involved in proceedings before the EC.  De Vereniging van Effectenbezitters has created a foundation under Dutch law by the name of Stichting VEB-Actie KPNQwest.  On 24 November 2006, Stichting VEB-Actie KPNQwest, along

with Mr Onno Verhoeff, a shareholder of KPNQwest (collectively "**Stichting et al.**"), filed a request with the Court of The Hague to order preliminary witness examinations (the "**PWE Request**"), in which witnesses are brought into the court and examined under oath.

7. On 22 May 2008, the Court of Appeals of the Hague granted the PWE Request. On 18 September 2008, the Court of the Hague conducted preliminary witness examinations of Mr. W.W.M. Ackermans and Mr. M. Pieters. On 9 October 2008, the court conducted preliminary witness examinations of Mr. E. Blok and Mr. J.M. Henderson. On 10 April 2009, counsel to Stichting et al. requested that additional preliminary witness examinations be postponed to an indefinite date in the future. Counsel for the parties that are the subject of the preliminary witness examinations have opposed that request, and the court is expected to rule on it on 6 May 2009.

*Proceedings before the District Court of Amsterdam – the Amsterdam Litigation*

8. On 13 September 2006, Cargill Financial Markets Plc. and Citibank N.A. (together "**Cargill et al.**") filed a complaint against Qwest Communications International Inc., Qwest B.V. and other defendants in legal proceedings before the District Court of Amsterdam (the "**Amsterdam Litigation**").

9. Cargill et al. allege that defendants misled the nine lenders (the "**Original Lenders**") and caused them to enter into a €525 million loan to KPNQwest on 11 March 2002. Cargill et al., as successors-in-interest to the Original Lenders, claim that

the Original Lenders failed to recover approximately € 219 million of the monies originally lent to KPNQwest.

11. 10. On November 25, 2008, defendants in that action filed their joint and individual statements of defence. Cargill et al. are expected to file their response to defendants' defence on 8 July 2009. Defendants in the Amsterdam Litigation will likely have the opportunity to file a reply to Cargill et al.'s response. Once the rounds of filings are complete, the court will determine the next steps to be undertaken, including holding hearings, permitting argument, and conducting witness examinations.

*The 843a DCCP discovery proceedings against certain Original Lenders*

11. On 24 July 2008, the defendants in the Amsterdam Litigation commenced third-party discovery claims against certain Original Lenders in an effort to obtain documents for the defence in the Amsterdam Litigation.

12. On 11 September 2008, the District Court of Amsterdam granted some of the requested discovery, and denied other discovery. The parties have appealed that decision, and a hearing is scheduled to take place on 24 June 2009.

*The 843a DCCP discovery proceedings against Citibank International Plc. and Citigroup Global Markets Limited*

13. On 18 February 2009, the defendants in the Amsterdam Litigation commenced third-party discovery claims against Citibank International Plc. and Citibank

Global Markets Limited, both of which were also involved in the events resulting in the €525 million loan to the Original Lenders.

14.     On 23 April 2009, the District Court of Amsterdam rejected the third party discovery claims against Citibank International Plc. and Citibank Global Markets Limited.  That decision is subject to appeal.

*Ability of Dutch courts to coordinate legal proceedings*

15.     The rules of civil procedure before Dutch courts are set forth in the Dutch Code of Civil Procedure (the **"DCCP"**) and certain rules implementing the DCCP. Within the framework of these rules, Dutch courts can coordinate the pace of related proceedings in order to make them more efficient.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Signed this  29th  day of April, 2009 at Amsterdam, The Netherlands.

*s/ Maarten Das*_____

Maarten Das